**SUMMONS ISSUED**

**CV-11 4033**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— X

Rosemary Brumby

                     **Plaintiff**

-against-

American Recovery Services, Inc.

                     **Defendant**

———————————————————— X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ Docket No. AUG 19 2011 ★

LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

SPATT, J.
LINDSAY, M

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

    3.    According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, ROSEMARY BRUMBY, is a natural person residing in SUFFOLK County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, American Recovery Services, Inc. (ARSI) is a corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for personal, family, or household services, and not for any business purpose.

10. Unfortunately, Plaintiff was unable to repay her debt on time.

11. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt. Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

12. Within the one year immediately preceding the filing of this action, Defendant repeatedly telephoned the Plaintiff's house and left messages on the answering machine.

13. The telephone and answering machine on which the Defendant left the messages is regularly used by the Plaintiff's adult daughter.

14. The messages that the Defendant left on the answering service were consistently overheard by the Plaintiff's daughter.

15. The messages that the Defendant left fully disclosed that the Defendant was a debt collector attempting to collect a debt from the Plaintiff.

16. The messages that the Defendant left that were overheard by the Plaintiff's daughter included the following:

*This message is for Rosemary Drumby. If we've reached the wrong number for this person please call us back at 888-395-2774 to remove your phone number. If you are not Rosemary Drumby please hang up. If you are Rosemary Drumby please continue to listen to this message. Ms. Drumby you should not listen to this message so that others can hear as it contains personal and private information. This is Angelica Davis calling from ARSI. This is an attempt to collect a debt by a debt collector, any information obtained will be*

*used for that purpose. Please contact me about an important business matter at 888-395-2774 extension 2184. When returning the call please provide reference number 11160618. Thank you.*

*This message is for Rosemary Brumby. If we've reached the wrong number for this person please call us back at 888-395-2774 to remove your phone number. If you are not Rosemary Brumby please hang up. If you are Rosemary Brumby please continue to listen to this message. Ms. Brumby you should not listen to this message so that others can hear as it contains personal and private information. This is Angelica Davis calling from ARSI. This is an attempt to collect a debt by a debt collector, any information obtained will be used for this purpose. Please contact me about an important business matter at 888-395-2774 extension 2184. When returning the call please provide reference number 11160618. Thank you*

*This message is for Rosemary Drumby. If we've reached the wrong number for this person please call us back at 888-395-2774 to remove your phone number. If you are not Rosemary Drumby please hang up. If you are Rosemary Drumby please continue to listen to this message. Ms. Drumby you should not listen to this message so that others can hear as it contains personal and private information. This is Angelica Davis calling from ARSI. This is an attempt to collect a debt by a debt collector, any information obtained will be used for this purpose. Please contact me about an important business matter at 888-395-2774 extension 2184. When returning the call please provide reference number 11160618. Thank you*

*This message for Rosemary Brumby. If we have reached the wrong number for this person please call us back at 866-597-1110 along with reference number11160618 and that is to remove your phone number. If you are not Rosemary Brumby please hang up. If you are Rosemary Brumby please continue to listen to this message. Rosemary Brumby you should not listen to this message so that other people can hear as it contains personal and private information. This is Hungaire calling from ARSI. This is an attempt to collect a debt by a debt collector, any information obtained will be used for that purpose. Please contact me about important business matter at 866-395- 2774 extension 2181. When returning the call please provide reference number 11160618.*

*This message is for Rosemary Brumby. If we have reached the wrong number for this person please call us back at 866-597-1110 along with reference number11160618 and that is to remove your phone number. If you are not Rosemary Brumby please hang up. If you are Rosemary Brumby please continue to listen to this message. Rosemary Brumby you should not listen to this message so that other people can hear as it contains personal and private information. This is Hungaire calling from ARSI. This is an attempt to collect a debt by a debt collector, any information obtained will be used for that purpose. Please contact me about important business matter at 888-395- 2774 extension 2181. When returning the call please provide reference number 11160618. Thank you.*

17. The Plaintiff never gave the Defendant consent to communicate with any third party in connection with the collection of the debt.

18. The Plaintiff did not give Defendant permission to telephone the number where Defendant left the messages.

19. The Defendant had no reason to believe that the Plaintiff was the only person who utilized such phone or answering machine.

20. Defendant failed to meaningfully identify themselves in any of the messages they left for Plaintiff in violation of 15 USC 1692d(6).

21. All messages left by Defendant were left within the one year immediately preceding the filing of this action.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23. Defendant's actions as described herein violated 15 U.S.C Section 1692c(b) in that the message disclosed to a person other than the consumer that the Defendant was attempting to collect a debt from Plaintiff. (See *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008); *Zortman v. J.C. Christensen & Assocs.*, 2011 U.S. Dist. LEXIS 44982 (D. Minn. Apr. 26, 2011).

24. Defendant's actions as described herein violated 15 U.S.C Section 1692d(6).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages pursuant to the FDCPA,

2. Statutory damages pursuant to the FDCPA;

3. Costs and reasonable attorney's fees pursuant to the FDCPA;

4. For such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              The Law Office of Joseph Mauro, LLC
                              Joseph Mauro (JM 8295)
                              306 McCall Ave.
                              West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff